KELLY, Judge,
Dissenting.
I would affirm the trial court’s decision. The provision at issue states that Re/Max “may retain 25% of the commission earned by Contractor, above and beyond the amounts required in this Agreement, to cover Broker’s costs of bringing the transaction to closure after Contractor’s termination date.” Re/Max’s right to retain an additional 25% is clear and unambiguous. The fact that in the past Re/Max had not invariably enforced that right against departing agents does not render the phrase ambiguous. The circumstance that Re/ Max had the ability to exercise discretion in choosing whether to retain an additional 25% is obvious from the use of the word “may.” The Agents’ claim that the provision contains a latent ambiguity because in the past Re/Max had exercised its discretion and not enforced the 25% provision is illogical in light of the clear contractual language vesting discretion in Re/Max.
The Agents’ argument is further undermined by their failure to offer a coherent explanation of the supposed ambiguity created by Re/Max’s past application of the provision stating only that, in every other situation they were aware of, the word “may” meant “may,” but in their situation Re/Max “utilized” the word “may” to mean “shall.” What this amounts to is a claim that Re/Max, at least in the Agents’ view, exercised its discretion arbitrarily, but it does not amount to a latent ambiguity. See, e.g., Deni Assocs. of Fla., Inc. v. State Farm Fire & Cas. Ins. Co., 711 So.2d 1135 *672 (Fla.1998). In Deni, the court explained that a latent ambiguity is one that arises when clear contractual language can apply to two or more different things or persons and extrinsic evidence is necessary to determine the alternative to which the words were intended to apply. Id. at 1139. As “a classic example” of a latent ambiguity, the court described a situation where a contract calls for goods to be delivered to “the green house on Pecan Street,” but there are two green houses on the street. The extrinsic fact of the two green houses creates an uncertainty as to where the goods are to be delivered, thus requiring parol inquiry to determine which of the two alternatives, i.e., which green house, the parties intended. Id.; see also 11 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 33:40 (4th ed. Supp. 2009) (citing as “the classic illustration of a latent ambiguity,” the English case where an agreement obligated the plaintiff to sell to the defendants a quantity of cotton ‘to arrive ex Peerless’ from Bombay; however, it turned out there were two ships by that name who left Bombay carrying a shipment of cotton thus creating an ambiguity as to which shipment the defendants were obligated to purchase.). Here, there are no alternative factual scenarios to which the 25% clause can be applied. Moreover, the parol evidence the Agents have offered in support of their chosen meaning indicates only that in the past Re/Max had not claimed any additional commissions, a fact that in no way suggests that Re/Max, when it elected to retain additional commissions, intended to contractually limit the additional commissions to the actual costs of closing.
In what appears to be a related argument, the Agents point to the language of the provision itself — as opposed to any extrinsic matter — and posit that it has two possible meanings: that Re/Max may retain a maximum of 25% to cover the costs actually incurred to bring a transaction to closing or that “25% can be retained arbitrarily for every post termination closing.” There are myriad problems with this contention. Among them is the fact that the alleged ambiguity is created by the words themselves, not any extrinsic circumstance, and thus the ambiguity would be patent, not latent. See, e.g., v. Deni, 711 So.2d at 1139. Further, the argument in effect asks the court to rewrite the contract, and the latent ambiguity doctrine can “never serve as a means for circumventing the plain language” of a contact. Id. Finally, as noted in the majority opinion, to the extent the Agents’ argument might be viewed as one claiming a patent ambiguity, the argument is not preserved. Even if it were, however, in my view the argument fails on its merits. The words “may retain 25% of the commission earned by Contractor” are clear and unambiguous, and the trial court was correct to refuse to rewrite the contract to read that Re/Max “may retain up to 25%.”